NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUIS CARLOS JARAMILLO-BOLANOS; J. D. J.-Z.; MAYRA VIRGINIA ZAMBRANO-SALTOS, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-1 <br><br> Agency Nos. <br> A246-107-431 <br> A246-107-432 <br> A246-107-440 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025**
Pasadena, California

Before: GILMAN, WARDLAW, and KOH, Circuit Judges.***

Luis Carlos Jaramillo-Bolanos, a native and citizen of Colombia, Mayra

Virginia Zambrano-Saltos, a native and citizen of Ecuador, and their minor child, a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously granted the parties' joint motion to submit this case on the briefs [Dkt. 25].

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

native and citizen of Colombia, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order by an Immigration Judge ("IJ") denying Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA adopts and affirms the decision of the IJ and provides additional reasoning, we review both decisions. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We review the Agency's factual findings for substantial evidence, and the Agency's findings will be upheld unless we are "*compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citation omitted). We have jurisdiction over this appeal under 8 U.S.C. § 1252, and we deny the petitions.

1. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga*, 69 F.4th at 1016. The Government argues that Petitioners failed to meaningfully challenge, and thus waived, the Agency's determination that Petitioners failed to establish a causal nexus to a protected ground. Although the Government is likely correct, we need not reach the issue of waiver because substantial evidence supports the Agency's denial of Petitioners' asylum and withholding of removal claims due to Petitioners' failure to establish a causal nexus between a protected

ground and their past or future harm. Substantial evidence supports the Agency's finding that the guerilla group's threats to Petitioners were motivated by financial gain to launder money, not on account of any protected ground. *See id*. at 1019-20. Further, substantial evidence supports the Agency's finding that the attack on Jaramillo-Bolanos by a girlfriend's former partner was because of jealousy and a personal dispute, not on account of any protected ground.

2.      Substantial evidence also supports the Agency's denial of CAT protection. Petitioners must "show that it is more likely than not" that they would be tortured by or with the acquiescence of the government if removed to Colombia or Ecuador, and that they face "a *particularized threat* of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation modified). Even considering Petitioners' past mistreatment and the general country conditions in Ecuador and Colombia, substantial evidence supports the Agency's finding that Petitioners do not face a particularized risk of torture if removed because (1) there was no evidence that anyone is still looking for them in Colombia or Ecuador; (2) the last threat Petitioners received was in August 2022; and (3) the generalized violence in both countries alone is not sufficient for CAT protection.

**PETITIONS FOR REVIEW DENIED**.[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 2, is otherwise denied.